IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHRISTOPHER MOORE,

               Plaintiff,

vs.

CHI HEALTH CENTER,

               Defendant.

8:23CV370

**MEMORANDUM AND ORDER**

On August 21, 2023, Plaintiff Christopher Moore filed an unsigned Complaint, Filing No. 1, and an unsigned Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2. On August 25, 2023, the Clerk of Court advised Plaintiff that his Complaint and IFP motion were unsigned and therefore deficient. The Clerk of Court directed Plaintiff to "correct the deficiency" (i.e., file a signed Complaint) within 14 days, or the pleading "may be stricken from the record of this case." Filing No. 6, Text Order. On September 6, 2023, the text notice of deficiency sent by the Clerk of Court to Plaintiff at his last known address at the Douglas County Correctional Center ("DCCC") was returned to this Court as undeliverable. See Filing No. 8. However, a check of the DCCC's online public inmate records shows that Plaintiff is currently in the DCCC with an admission date of July 11, 2023.[1] As Plaintiff appears to be at the address the Court has on file,[2] the Court will direct the Clerk to resend the text notice of deficiency and give Plaintiff additional time to file a signed Complaint and IFP motion.

---

[1] See https://corrections.dccorr.com/accepted?datanum=1021681 (last visited September 11, 2023), archived at https://perma.cc/5LU5-M5N3.

[2] It appears the text notice of deficiency may have been returned due to an error in Plaintiff's inmate number. However, Plaintiff has an obligation to keep the Court informed of his current address at all times. See NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days). Failure to do so may result in dismissal of this matter.

To be clear, Plaintiff is ordered to file a signed Complaint and signed IFP motion in accordance with Federal Rule of Civil Procedure 11 and the Court's Local Rules. This matter cannot proceed, and the Court will make no ruling on Plaintiff's IFP motion, until the signature deficiencies are corrected. FAILURE TO CORRECT THE DEFECTS WITHIN 30 DAYS WILL RESULT IN DISMISSAL OF THE COMPLAINT WITHOUT FURTHER NOTICE.

IT IS THEREFORE ORDERED that:

1. Plaintiff is directed to correct the above-listed technical defect on or before **October 11, 2023**. Failure to comply with this Memorandum and Order will result in dismissal of this matter without prejudice and without further notice.

2. The Clerk of Court is directed to re-send to Plaintiff the text notice of deficiency in Filing No. 6 along with the signature pages from his Complaint, Filing No. 1 at 11, and IFP motion, Filing No. 2 at 2.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: **October 11, 2023**: deadline for signed Complaint and IFP motion.

Dated this 11th day of September, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge